## A. H. Sackett, Defendant in Error, v. Centaur Motor Company of Illinois, Plaintiff in Error.

### Gen. No. 20,132.

1. PRINCIPAL AND AGENT, § 69*—*when agent entitled to commission.* Where contracts were, in effect, offers by the defendant to sell automobiles on stated terms and a party accepted an offer before its withdrawal, the parties became bound thereby so that when defendant delivered a car to a retail dealer under such circumstances, the moneys received therefor emanated from the sale of an automobile within the meaning of an agency contract such as to entitle the agent to a commission.

2. PRINCIPAL AND AGENT, § 70*—*right of agent to commissions.* When an arrangement with a prospective purchaser ripens into a sale, it gives a right to the agent to a commission, when his efforts are the efficient cause of the sale.

3. PRINCIPAL AND AGENT, § 70*—*right of agent to commissions.* An agent under contract of employment is entitled to commissions on automobiles sold by his principal under "arrangements" effected while in the principal's employ, although the cars are not delivered and paid for until after his discharge prior to the termination of his contract of employment.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

**Statement by the Court.** The defendant corporation, doing business at Chicago, employed plaintiff Sackett May 20, 1911, for an indefinite term to, "take the position of sales manager at a salary of $25.00 per week and 1 per cent. of the gross sales emanating from the sale of automobiles sold through this office." A supplemental contract between the parties made August 19, 1911, provided that Sackett should receive, "one-half of 1 per cent. on all cars going into the State of Wisconsin on and after this date." On the same day a contract in writing was made between the defendant and the Bates Odenbrett Company of Mil-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

waukee, by which the Milwaukee Company agreed to buy of the defendant and the defendant agreed to sell to that Company two hundred and fifty cars of seven different patterns, the number of each pattern to be optional. The plaintiff was discharged by the defendant January 22, 1912. After January 22nd the defendant Company delivered to the Milwaukee Company twenty-seven cars and was paid therefor $35,908.72, on which amount plaintiff claimed and was allowed by the court a commission of one-half of one per cent. On January 22nd the defendant Company had written orders for cars amounting to $9,167 from certain retail dealers, which cars were not delivered until after that date. At that time there were in existence certain alleged contracts of defendant with retail dealers, on each of which small deposits had been paid to defendant Company. Each of such alleged contracts contained an agreement on the part of the dealer to buy of defendant a specified number of cars at certain prices for each of the seven patterns of cars therein mentioned, but it was optional with the dealer to take cars of any pattern or patterns.

The contention of the defendant, plaintiff in error here, is that the plaintiff was entitled to receive only commissions on the money received by the defendant for cars delivered while plaintiff was in its employ; and the contention of plaintiff, defendant in error here, is that he was entitled to receive one per cent. of the amount received by defendant from the retail dealers with whom the defendant had such alleged contracts at the time of his discharge, and also one-half of one per cent. on the cars delivered to the Milwaukee Company after January 22, 1912. The court found in favor of the contention of the plaintiff and gave judgment accordingly, and the defendant prosecutes this writ of error.

MILLER, GORHAM & WALES, for plaintiff in error.

MONTGOMERY, HART, SMITH & STEERE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

It may be conceded that the defendant could not have enforced the alleged contracts with the retail dealers, nor that with the Milwaukee Company, because such contracts were for the purchase of seven different patterns of cars, each at a specified price, and it was optional with the prospective purchaser to take all or any part of his cars of any pattern or patterns, and the alleged contracts were therefore uncertain and lacked mutuality. It may also be conceded that such contracts were at most executory contracts for the sale of cars, and not sales under which the title passed before delivery. When such writings were executed the plaintiff had completed the work he was obliged to do, but he had not earned his commission when discharged because no binding contracts of sale had been made, and in the case of the Milwaukee Company the cars had not gone into the State of Wisconsin.

The contracts were, in substance, offers by the defendant to sell cars on the terms stated, and if before the offer was withdrawn a party to whom such offer was made accepted the order by ordering a car or cars on the terms stated to him, and the defendant accepted such offer, the parties thereby entered into a contract which bound them, and when defendant delivered a car to a retail dealer under such circumstances, the moneys received for such car must be regarded as "receipts emanating from a sale of an automobile sold through this office," within the meaning of the phrase as used in the contract of employment, and cars shipped to the Milwaukee Company on orders received after plaintiff's discharge must be regarded as, "cars going into the State of Wisconsin,"

within the meaning of that phrase as used in the contract between plaintiff and defendant.

' If the alleged contracts were nothing more than arrangements, when an ''arrangement'' with a prospective purchaser ripens into a sale, it gives a right to the agent to a commission for the reason that the agent's efforts are the efficient cause of the sale. Here it is immaterial whether the plaintiff did or did not make the ''arrangement,'' he was entitled to the commissions on the cars sold through defendant's office under arrangements effected while he was in defendant's employ.

We think the trial court properly interpreted the contract and allowed a recovery of commissions, and the judgment is affirmed.

*Affirmed.*